Ryan J. Marton (CA Bar No. 223979)
ryan@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market St. Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2511
Facsimile: (415) 795-1081

Phillip J. Haack (CA Bar No. 262060)
phaack@martonribera.com
Lauren E. Whittemore (CA Bar No. 255432)
lwhittemore@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market St. Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2511
Facsimile: (415) 795-1081

*Attorneys for Defendant Zoho Corporation.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA TAMKIN, an individual<br><br>Plaintiff,<br><br>v.<br><br>ZOHO CORPORATION, a California Corporation.<br><br>Defendant. | Case No. 4:19-cv-07465-KAW<br><br>**DEFENDANT ZOHO CORPORATION'S AMENDED NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**Complaint Filed:  October 28, 2019** |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND PLAINTIFF'S ATTORNEYS:**

**PLEASE TAKE NOTICE THAT,** under 28 U.S.C §§ 1331, 144l, 1446, and 1454 defendant Zoho Corporation ("Zoho") hereby removes the state court action described below from the Superior Court of the State of California for the County of Alameda where it is currently pending as Case No. RG19040983 to the United States District Court for the Northern District of California, and submits the following statements of facts, which entitles it to removal.

This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1454 on the grounds that the Superior Court complaint seeks adjudication of a copyright dispute solely arising under federal law, 17 U.S.C. §§ 101 *et seq*.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

On or about October 28, 2019, Plaintiff Tricia Tamkin ("Plaintiff") filed a complaint in the Superior Court of California for the County of Alameda, entitled *Tricia Tamkin. v. Zoho Corporation,* case no. RG19040983. Complaint, Exhibit A at p. 1.  The Complaint asserts Zoho used without authorization Plaintiff's name and likeness in marketing and advertising materials and alleges causes of action for (1) misappropriation of Plaintiff's name and likeness under California law, (2) misappropriation of Plaintiff's name and likeness under common law, (3) defamation, (4) violation of right of publicity under Illinois law, and (5) copyright infringement under common law.  Complaint, Exhibit A at ¶¶ 12, 17-44.  Zoho was served with the Summons and Complaint on November 4, 2019.

Pursuant to 28 U.S.C. § 1446(b)(l), a notice of removal may be filed "within 30 days after the receipt by the defendant, through service or

otherwise" of the initial pleading from which removability can be ascertained. 28 U.S.C. § 1446(b)(l). Here, Zoho's notice of removal is timely because it is filed within 30 days after being served with the Summons and Complaint.

Pursuant to 28 U.S.C § 1446(d), Zoho will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Amended Notice of Removal with the Clerk of the Superior Court of California for the County of Alameda.

The United States District Court for the Northern District of California embraces Alameda, the county in which this Action is brought. Therefore, the Court is a proper venue for this Action pursuant to 28 U.S.C. §§ 84 (c) and 144l(a).

## STATEMENT OF THE GROUNDS FOR REMOVAL

As set forth more fully below, this Court has exclusive subject matter jurisdiction under 28 U.S.C. § 1331, which states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and under 28 U.S.C. § 1454, which states that "[a] civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending."

### The Superior Court Action Arises Under Federal Copyright Law

A state action can generally be removed if that action could have been brought originally in federal court, *i.e.,* if the District Court has original jurisdiction. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 1454 (recognizing removal if an asserted claim for relief arises under "patents, plant variety protection, or copyrights"); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To determine whether this Court has original jurisdiction, this Court "examine[s] the 'well

pleaded' allegations of the complaint and ignore[s] potential defenses." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citations omitted).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc.*, 482 U.S. at 392. Under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 27-28 (1983).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar Inc.*, 482 U.S. at 393.

A plaintiff's state-law cause of action is preempted under 17 U.S.C. § 301(a) if: (1) the work involved falls within the general subject matter of the Copyright Act as specified by sections 102 and 103; and (2) the rights that the plaintiff asserts under state law are equivalent to those protected by the Act in section 106 in works of authorship that are fixed in a tangible medium of expression. *See* 17 U.S.C. § 301(a); *Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1213 (9th Cir.1998); *Valente–Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir.1989); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 976 (9th Cir.1987).

Here, Plaintiff's common law copyright claim alleges ownership of the photograph of Plaintiff's likeness.  Complaint, Exhibit A at ¶ 42.  A photograph falls under the general subject matter of the Copyright Act. *See* 17 U.S.C. 102(a)(5) ("pictorial, graphic, and sculptural works.").  Plaintiff further alleges that Zoho's reproduction, visual display and distribution of Plaintiff's photograph is unlawful.  Complaint, Exhibit A at ¶ 42.  The rights asserted fall squarely under the rights protected by section 106(1), (3), and (5), *i.e.*, reproduction, distribution and display.  Finally, Plaintiff seeks relief provided by 17 U.S.C. §§ 502 (injunction),

504 (damages and profits), and 505 (costs and attorneys' fees).  Complaint, Exhibit A at p. 7.  Plaintiff asserts copyright infringement as defined in the Copyright Act and seeks relief defined in the Copyright Act.  *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1382 (9th Cir. 1988) ("The complaint makes out an infringement claim and seeks remedies expressly created by federal copyright law.").

Each of Plaintiff's remaining causes of action depend on the same operative facts as the copyright claim, namely, unauthorized reproduction, distribution and display of Plaintiff's photograph.  *See* Exhibit A, Complaint, at ¶¶ 21, 25, 28, and 37.  This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because those claims are "so related" to the Copyright claims "that they form the same case or controversy under Article III of the United States Constitution."  Because all of Plaintiff's claims arise from a "common nucleus of operative fact," supplemental jurisdiction extends to those claims that do not enjoy original jurisdiction in this Court.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227 (9th Cir.1976).

Because Plaintiff's copyright cause of action arises under the Copyright Act, this Court has original jurisdiction and this case is properly removed.

## REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. §1446(b)

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise" of the initial pleading from which removability can be ascertained. 28 U.S.C. § 1446(b)(l).  This removal notice is timely because Zoho removed this action on November 14, 2019, within 30 days from being served with a copy of the Summons and Complaint.

## INTRADISTRICT ASSIGNMENT

While this matter is an Intellectual Property Action and therefore may be assigned to any division, it has been removed from the Superior Court for the State

of California for the Alameda County and a substantial part of the events which give rise to the Plaintiffs' claims are alleged to have occurred in the city of Pleasanton in the County of Alameda where Zoho has its principal place of business.

**WHEREFORE**, Zoho prays that the state court action now pending against it in the Superior Court for the State of California for the County of Alameda be removed to this United States District Court for the Northern District of California.

Date: November 14, 2019

By: */s/ Ryan J. Marton*
Ryan J., Marton (CA Bar No. 223979)
ryan@martonribera.com

Phillip J. Haack (CA Bar No. 262060)
phaack@martonribera.com
Lauren E. Whittemore (CA Bar No. 255432)
lwhittemore@martonribera.com
MARTON RIBERA SCHUMANN & CHANG LLP
548 Market St. Suite 36117
San Francisco, CA 94104
Telephone: (415) 360-2511
Facsimile: (415) 795-1081

*Attorneys for Defendant ZOHO CORPORATION*

# CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I caused a true and correct copy of Zoho Corporation's Notice of Removal to be served on counsel of record for Plaintiff, D. Burgundy Morgan via e-mail at bmorgan@onellp.com, Deepali Brahmbhaat via email at dbrahmbhatt@onellp.com, and James D. Myers via e-mail at jmyers@sls-law.com.

Dated: November 14, 2019                           By:     /s/ *Ryan J. Marton*
                                                                    Ryan J. Marton